# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ANESH GUPTA,**

                **Plaintiff,**

**-vs-**                                            **Case No. 6:05-cv-1432-Orl-22JGG**

**WALT DISNEY WORLD COMPANY,**

                **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**    **MOTION TO COMPEL PRODUCTION (Doc. No. 59)**
>
> **FILED:**      **August 28, 2006**
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

*Pro se* Plaintiff Anesh Gupta moves to compel Defendant Walt Disney World Company ("Worldco") to produce documents withheld pursuant to a claim of privilege and Request No. 23. For the reasons set forth below, the motion is denied.

I.    **Failure to Comply with Local Rule 3.04**

Worldco argues that because Gupta fails to comply with Local Rule 3.04[1] and the Court's Case Management Scheduling Order, which incorporates this rule by reference, Gupta's motion should be

---

[1] Local Rule 3.04(a) provides in relevant part: " A motion to compel discovery pursuant to Rule 36 or Rule 37, Fed.R.Civ.P., shall include quotation in full of each interrogatory, question on deposition, request for admission, or request for production to which the motion is addressed; each of which shall be followed immediately by quotation in full of the objection and grounds therefor as stated by the opposing party. . . ."

denied summarily. The Court agrees that Gupta failed to comply with its prior order and that it could deny the motion on that basis alone. In this instance, however, the Court will proceed to the merits.

Gupta is cautioned that although he is appearing *pro se*, he is required to comply with the Local Rules of the Middle District of Florida and the Federal Rules of Civil Procedure. *See, e.g., Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.1989). Failure to comply with these rules in the future may result in the denial of the motion, the striking of the pleading or other sanctions. A copy of the Local Rules may be viewed on the Court's website at http://www.flmd.uscourts.gov/ or obtained at no charge from the Clerk's Office. If Gupta is unable to pick up a copy of the Local Rules personally, he may request that a copy be mailed to him. Because the Court cannot pay the mailing costs, Gupta must also provide a self-addressed envelope with $4.90 postage affixed thereto.

II.     **Request No. 23**

Gupta's Request No. 23 asked Worldco to produce documents "To the extent not referenced above, all documents referring, relating to or evidencing the claims in the Second Amended Complaint." Worldco responded by objecting that the request was vague, overly broad, unduly burdensome, and called for irrelevant documents. Docket 59 at 24. Nonetheless, Worldco states it has produced over 800 pages of documents in response to specific requests, plus several inches of schedules, plus documents identified in its Initial Disclosures.

Rule 34(b) of the Federal Rules of Civil Procedure states in pertinent part: "The Request shall set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity." Gupta's catch-all request fails to meet the "reasonable

particularity" requirement. Gupta's motion to compel further responsive documents to this request is denied.

III. **Privileged Documents**

Gupta also seeks to compel Worldco to produce documents withheld pursuant to a privilege. Fed. R. Civ. P. 26(b)(5) requires that:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

To preserve the privilege, the objecting party must provide a log or index of withheld materials that includes for each separate document, the authors and their capacities, the recipients (including copy recipients) and their capacities, the subject matter of the document, the purpose for its production, and a detailed, specific explanation of why the document is privileged or immune from discovery. *See*, *Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g*, 230 F.R.D. 688, 695 (M.D. Fla., 2005).

Worldco did produce a privilege log, which lists 14 separate documents. That log, however, is insufficient for the Court to determine whether all of the listed documents are privileged. For example, the log does not identify the capacity of any of the named individuals. Further, in some instances, the log fails to identify the author or recipient. Lastly, certain descriptions like "chronology of events," "handwritten notes re Plaintiff's visit," or "summary of events" are insufficient for the Court to determine privilege. The Court reminds Worldco that the communication of factual

information is not protected by the attorney-client privilege. *Universal City Dev. Partners,* 230 F.R.D. at 690.

Because of the inadequacy of Worldco's privilege log, the Court denies without prejudice the motion to compel documents listed on the log. The Court, however, orders Worldco to produce an amended privilege log to Gupta on or before **October 9, 2006**. Before Gupta re-files a motion for production of privileged documents, the Court orders the parties to confer further in a good faith effort to resolve the issue.

**DONE** and **ORDERED** in Orlando, Florida on September 22, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties