UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANESH GUPTA,

          Plaintiff,

-vs-                                    Case No. 6:05-cv-1432-Orl-22UAM

WALT DISNEY WORLD COMPANY,

          Defendant.
_____

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| MOTION: | PLAINTIFF'S MOTION FOR REVIEW OF COSTS (Doc. No. 161) |
| FILED: | April 19, 2007 |
| THEREON it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part.** | |

On March 27, 2007, the Court granted Defendant Walt Disney World Company's ("Worldco") motion for summary judgment and judgment in favor of Worldco was entered by the Clerk the following day. Docket 150, 151. On April 10, 2007, Worldco filed its proposed bill of costs, which the Clerk taxed against Plaintiff, Anesh Gupta, on April 11, 2007. Docket 159, 160. Gupta now

moves *pro se* for the Court to review the taxation of costs.[1] Gupta also moves to stay the judgment pending appeal.

## I.   REQUEST TO STAY THE JUDGMENT

Gupta moves to stay the judgment and/or order pending appeal. Rule 62(d) permits an appellant to obtain a stay by giving a supersedeas bond. Fed. R. Civ. P. 62(d). The appellant must comply with the requirements of Fed. R. App. P. 3 as to taking an appeal and with the provisions of Fed. R. App. P. 8(b) as to the bond. 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FED. PRAC. & PROC. CIV.2D § 2905.

Gupta has not provided a supersedeas bond or other surety and, therefore, has not met the conditions for a stay. Gupta's motion for a stay should be **DENIED**.

## II.   REVIEW OF COSTS

When challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party. *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt.*, 385 F.Supp.2d 1272, 1288 (M.D. Fla. 2005). The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920. *Id.* The Court, however, may not tax as costs any items not included in 28 U.S.C. § 1920. *Id.*

---

[1] Although Gupta's motion was filed after the five day deadline set forth in Fed. R. Civ. P. 54(d), the Court finds excusable neglect exists to relieve him of the late filing. Fed. R. Civ. P. 6(b). The Clerk of Court did not serve Gupta with notice of taxing bill of costs until April 19, 2006.

A.   <u>Fees for Service of Summons and Subpoenas</u>

Gupta argues he should not be responsible for "rush" fees to serve process. Worldco states it is not seeking to recover any "rush" fees. Although the service of process fees range from $30 to $75 per subpoena, there is no evidence that the price difference is due to a "rush," as opposed, for example, to multiple efforts being necessary to serve the subpoena. The Court finds that process server fees are reasonable and are properly taxed pursuant to 28 U.S.C. §1920(1). *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000).

B.   <u>Court Reporter and Transcription Fees</u>

Gupta argues that Worldco failed to itemize its costs and the costs are duplicative. Worldco argues that Gupta misunderstood its itemization and that sometimes separate entries were made for the deposition fee and the cost of the transcript.

Worldco has failed to itemize the fees and costs for each individual, but sometimes grouped together individuals, which makes review of the costs more difficult. After careful review, however, the Court does not find any duplication of the costs alleged by Gupta. The Court, however, finds that Worldco's claim for both a stenographic transcript and videotaped deposition of Patricia Wright's testimony to preserve it for trial is duplicative.

The United States Court of Appeals for the Eleventh Circuit has ruled that when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation and the video was necessarily obtained for use in the case, the Court may award costs for both the stenographic transcription and the videotape. *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 464-65 (11th Cir. 1996). In this case, Worldco moved for leave to take Patricia Wright's

deposition by videotape to preserve her testimony for trial. Docket 112. Worldco's motion said nothing about also making a stenographic transcription of the deposition. Gupta opposed the motion, but the Court permitted Wright's videotaped deposition. Docket 115, 116. Under these circumstances, the Court finds the stenographic transcription was unnecessary and, therefore, $535.85 should be deducted from Worldco's costs for the stenographic transcription of Wright's deposition to preserve testimony for trial.

    C.    Fees for Exemplification and Copies of Papers Necessarily Obtained for Use in the Case

Gupta generally challenges Worldco's copy costs and specifically challenges costs related to trial exhibits because there is no statutory authorization. The Eleventh Circuit has expressly held that exhibit costs are not taxable pursuant to Section 1920(4) as copies of papers necessarily obtained for use in the case. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 622-23 (11th Cir. 2000). The Court, therefore, deducts 1,982 copies for the Master Notebooks of Trial Exhibits and Defendant's Exhibits with Exhibit Tags.

The Court also is not persuaded that all of Worldco's other copy costs are appropriate. Copies for the convenience of counsel are not taxable. *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D.Ga.1992), *aff'd*, 998 F.2d 1023 (11th Cir.1993) (Table). Also, general copying costs are not recoverable. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir.1996).

The Court finds that costs for copies of correspondence are for the convenience of counsel. *Fogleman v. ARAMCO (Arabian American Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991). Worldco lists 1491 copies of correspondence in seven volumes that should be deducted.

Worldco also lists copies of depositions and exhibits that were provided to the deponent for review and correction. The deponent could have reviewed the original of the deposition and exhibit, and the copies clearly were for convenience sake. The Court, therefore, determines that the 785 copies of depositions should be excluded. Worldco also claims 1,818 copies of miscellaneous documents for deposition preparation, trial preparation, summary judgment preparation and case management. The Court similarly finds that these copies were for counsel's convenience.

Based on the above, 6,076 copies should be deducted from Worldco's bill of costs. At the rate of .08 per copy, $486.08 in costs should be deducted from Worldco's bill of costs.

## III.   REDUCTION BASED ON ABILITY TO PAY

Gupta also argues that the Court is required to consider his ability to pay any costs taxed against him and should reduce Worldco's costs based on his financial condition. Worldco argues that it is entitled to its costs as a matter of course pursuant to Rule 54.

Federal Rule of Civil Procedure 54(d) provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Although the Court is unaware of any Eleventh Circuit decision that has addressed whether costs pursuant to Rule 54 may be reduced because of the losing party's financial condition, numerous other circuit courts have held that the court has discretion in deciding allowable costs and that the court properly may consider the losing party's financial condition in determining whether costs should be allowed. *See, Mother& Father v. Cassidy*, 338 F.3d 704, 710 (7th Cir.2003) (holding that under Rule 54(d), costs must be awarded to a prevailing party unless that party engaged in misconduct or the losing party is indigent); *In re Derailment Cases*, 417 F.3d 840, 845 (8th Cir. 2005) (district court did not abuse its discretion

in considering the losing party's financial means as part of its decision to award costs); *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001) (a factor weighing in favor of denying costs is the indigency of the losing party); *Whitfield v. Scully,* 241 F.3d 264, 270 (2d Cir. 2001) (a district court may deny costs on account of a losing party's indigency, but indigency per se does not automatically preclude an award of costs); *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 464 (3d Cir. 2000) (If a losing party is indigent or unable to pay the full measure of costs, a district court may, but need not automatically, exempt the losing party from paying costs). The Court finds it has discretion to consider Gupta's financial condition to determine whether a reduction in taxable costs is appropriate.

In his motion to review costs, Gupta claims that his gross income for 2006 was approximately $22,000. Docket 161 at 5. Gupta apparently is stating his financial condition based on his earnings alone. In his motion for leave to appeal *in forma pauperis*, filed on March 30, 2007, Gupta stated that he and his wife together earned an average of $4,700 per month for the last twelve months. Docket 153. Thus, Gupta and his wife together earned approximately $56,400 in the last twelve months. The Court finds no reason why it should exclude Gupta's wife's earnings from his overall financial condition. Based on their joint earnings, Gupta is not indigent.

The Court also has had ample opportunity to observe the manner in which Gupta litigated his case, and is persuaded that the costs incurred by Worldco were necessary and reasonable. The Court, therefore, declines to exercise its discretion to reduce the costs owed by Gupta based on his financial condition.

**IT IS, THEREFORE, RECOMMENDED THAT:**

1. The Court deny Gupta's request to stay its judgment pending appeal.

2.     The Court grant in part and deny in part Gupta's motion to review Worldco's costs as taxed by the Clerk;

2.     The Court reduce Worldco's recoverable costs in the following amounts: $535.85 for the stenographic transcription of Patricia Wright's deposition, and $486.08 in copy costs.

3.     The Court direct the Clerk to enter an Amended Bill of Costs against Anesh Gupta in the amount of $6,395.84, consistent with this recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 11, 2007.

DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Anne C. Conway
Counsel of Record
Unrepresented Party